

# IN THE
# TENTH COURT OF APPEALS

### No. 10-12-00374-CR

**ERNEST RICKY GOODEN, JR.,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 272nd District Court
### Brazos County, Texas
### Trial Court No. 11-04778-CRF-272

## MEMORANDUM  OPINION

The trial court convicted Appellant Ernest Gooden of the offense of harassment of a public servant.  The court assessed Gooden's punishment at seven years' imprisonment but suspended the prison sentence and placed him on community supervision for five years.  Gooden appealed.

On April 22, 2013, we received the reporter's record of a plea hearing held on April 18, 2013 in Trial Court Cause No. 12-04822-CRF.  The evidence presented at the hearing indicated that, as part of the plea agreement in that case, Gooden agreed to

waive his right to appeal in this case (the appeal of Trial Court Cause No. 11-04778-CRF-272). Included in the plea agreement and order signed by Gooden, his trial counsel, the State's attorney, and the trial court judge was the notation "waiver of continued appeal in 11-04778-CRF-272." The following exchange also occurred at the hearing:

> THE COURT: . . . And you're going to waive appeal in Cause No. 11-04778-CRF-272; is that correct?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You understand you have a right to continue your appeal in that case?
>
> THE DEFENDANT: (Moving head up and down.)
>
> THE COURT: You don't have to waive your appeal, but you have decided to make an overall agreement here on all your cases; is that right?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Is that what you want to do?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Does any of the attorneys have any extras they want to offer at this time? Questioning?
>
> [Prosecutor]: Judge, if I may?
>
> THE COURT: Come on up.
>
> [Prosecutor]: Does that mean -- if the Court could ask Mr. Gooden is he asking the Waco Court of Appeals to dismiss his appeal he's currently on?
>
> THE COURT: Now, we're going to send a copy of this record up to the Waco Court of Appeals, if they want it, and they're going to see what you say right now to this question. Is it your desire to waive and stop

your appeal to the Tenth Court of Appeals in this cause number that I just went over with you?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. And so you're asking them to dismiss your appeal; is that correct?

THE DEFENDANT: Yes, sir.

By letter dated May 8, 2013, we directed Gooden to, within fourteen days of the date of the letter, file either a motion to dismiss that complied with Rule 42.2(a) or a response explaining why a motion to dismiss would not be filed and why this appeal should continue. On May 9, 2013, Gooden's counsel sent him a letter accompanied by a motion to dismiss signed by counsel. The letter instructed Gooden that if he desired to dismiss his appeal, he should sign the motion to dismiss and either return it to his counsel or send it to this Court. The letter further instructed Gooden that, alternatively, he may tell this Court why the appeal should not be dismissed. Gooden did not sign and file the motion to dismiss provided by his counsel; however, he sent a pro se response, acknowledging that he "gave up" this appeal as part of a plea agreement. Accordingly, Gooden's appeal is dismissed because he waived his right of appeal as part of a plea agreement.

REX D. DAVIS
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Appeal dismissed
Opinion delivered and filed June 13, 2013
Do not publish
[CR25]